```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

```
                                  )
BASKARAN BALASUNDARAM,            )
                                  )
                   Petitioner,    )
                                  )
          v.                      )   CIVIL ACTION
                                  )   NO. 10-10717-WGY
BRUCE CHADBOURNE, Field Office    )
Director U.S. Immigration and     )
Customs Enforcement, New England  )
District; and ANDREA J. CABRAL,   )
Sheriff of Suffolk County,        )
                                  )
                   Respondents.   )
                                  )
```

MEMORANDUM ORDER

YOUNG, D.J.                                           June 10, 2010

This is America's promise as taught in our schools and inscribed on the base of the Statue of Liberty: "Give me your tired, your poor, your huddled masses yearning to breathe free."

This is the reality in America today: "[It] isn't a question of whether or not we will detain people. We will detain people, and we will detain them on a grand scale . . . . It's a necessary power."[1]

---

[1] John Morton, Director of Immigration Customs Enforcement ("ICE") within the Department of Homeland Security, as quoted by Jenna Green in ICE Warms up to Detainees: Immigration Chief Promises Overhall of 'Haphazard' System, The National Law Journal, Feb. 9, 2010, available at http://www.law.com/jsp/article.jsp?id=1202442848655&ICE_Warms_Up_to_Detainees ("John Morton makes no apology for locking up 380,000 people a year. They haven't been charged with crimes.

Baskaran Balasundaram ("Balasundaram") is from Sri Lanka and was taken into custody upon attempting (illegally) to enter the United States. The government, fearing that Balasundaram is a Tamil Tiger, a member of a terrorist organization, kept him confined – now for close to twenty-two months. Balasundaram says the government has it backwards. He claims to be fleeing from terrorists and says he will be tortured and killed if returned to Sri Lanka. See generally Elyse Wilkinson, Examining the Board of Immigration Appeals' Social Visibility Requirement for Victims of Gang Violence Seeking Asylum, 62 Me. L. Rev. 388, 395-96 n.71 (2010).

After an administrative hearing during which evidence was presented and Balasundaram was carefully interrogated, the immigration hearing officer credited Balasundaram and granted him asylum. The government promptly appealed to the Board of Immigration Appeals. Meanwhile, it kept Balasundaram locked up. After the administrative appeals proceedings had dragged on for fourteen months without action, Balasundaram sought the writ of habeas corpus from this Court, asking to be admitted to bail during the further pendency of administrative proceedings.

---

Rather, they're immigrants, confined to a sprawling network of 270 jails and prisons for weeks or months while proceedings to determine whether they'll be allowed to remain in the country are pending."

Wisely, the government now recognizes that this Court has habeas jurisdiction. Flores-Powell v. Chadbourne, 677 F. Supp. 2d 455, 477 (D. Mass. 2010) (Wolf, C.J.). Reversing its normal endorsement of the deference owed to the "Immigration Judge" (when the ruling favors it), the government here treats the evidentiary findings of no consequence whatever, arguing that it is nothing more than a recommendation of a low level functionary to the proper authorities.

This Court disagrees.

At oral argument on May 27, 2010, this Court indicated that by obtaining a grant of asylum from an immigration hearing officer, Balasundaram obtained admission into the United States, entitling him to the right to due process regarding his admission or exclusion. See, e.g., Sesay v. Immigration and Naturalization Service, 74 Fed. Appx. 84, 88 (2d Cir. 2003) (upholding the Board of Immigration Appeal's interpretation that "a grant of asylum necessarily entails an entry"). The Court indicated that it would make a definitive ruling on this issue on June 4, 2010, after further submission by the government. This judicial involvement apparently sparked action.

On June 2, 2010, the Board of Immigration Appeals vacated the grant of asylum and remanded the case to the hearing officer to determine whether Balasundaram is eligible for a deferral of removal under the Convention Against Torture.

What now?

An alien is entitled to the constitutional benefits of presence within the United States when he is admitted. See Bridges v. Wixon, 326 U.S. 135 (1945) (Murphy, J. concurring) ("The Bill of Rights is a futile authority for the alien seeking admission for the first time to these shores. But once an alien lawfully enters and resides in this country he becomes invested with the rights guaranteed by the Constitution to all people within our borders."). Congress has defined "admission" and "admitted" as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(13)(A). Admission, however, is not a permanent state. Even when an individual has been admitted as a permanent resident, such an individual subsequently may be treated as an arriving alien, "seeking an admission into the United States" under certain circumstances. 8 U.S.C. § 1101(13)(C).

In this case, Balasundaram was an admitted alien when he was granted asylum by the hearing officer. But now, by vacating the grant of asylum, the Board of Immigration Appeals has revoked Balasundaram's admitted status.

Nonetheless, as an arriving alien, Balasundaram cannot be subject to indefinite incarceration. Detention is only appropriate "while removal remains reasonably foreseeable." See

Nadarajah v. Gonzales, 443 F.3d 1069, 1078 (9th Cir. 2006). In Balasundaram's case, this presently is an open question.

Upon review of the parties' submissions, the Court orders this case administratively closed. It may be reopened by either party should circumstances change, i.e., upon a further finding by the hearing officer or upon the expiration of three months from the date hereof, whichever shall first occur. In the interim, Balasundaram is not to be removed from the jurisdiction of this Court.

SO ORDERED.

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE